Dewey M. MULLEN, Jr., Appellant,

v.

William French SMITH, Attorney General; Norman Carlson, Director of Prisons; T.C. Martin, Warden; J.S. Petrovsky, Warden; S. Hicks, M.D.; Karl L. Albacek, M.D.; _____ Jaworski; M. Maize; _____ Wallace; A. Robles; _____ Boykin; Roy Robinson and Supervisor Safety & Sanitation, et al, Appellees.

No. 83–2347.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1984.

Decided July 5, 1984.

Eugene F. De Shazo, Denton & De Shazo, Kansas City, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees.

Before HEANEY and JOHN R. GIBSON, Circuit Judges, and HANSON,* Senior District Judge.

PER CURIAM.

Dewey Mullen, Jr., filed a pro se complaint alleging cruel and unusual punishment by federal prison officials and personnel in their response to his complaints of back pain following an accident in the Federal Correctional Institution in El Reno, Oklahoma, in violation of the eighth amendment to the United States Constitution. On the recommendation of a magistrate, the district court dismissed the action for failure to state a claim. The court held that Mullen's allegations regarding neglect and abusive treatment did not state a claim of "deliberate indifference to serious medical needs" cognizable under the Supreme

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern

and Southern Districts of Iowa, sitting by designation.

Court's interpretation of the eighth amendment in *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). We affirm as to several defendants, but reverse and remand for further proceedings as to the Oklahoma defendants listed in Mullen's complaint.

On September 14, 1982, while in the custody of prison officials in the federal institution at El Reno, Mullen tripped on a "reinforcement stud" on a concrete floor in the prison, injuring his back and head. He alleges that he could not walk; that he received no substantive medical attention for approximately four hours; that the prison physicians at El Reno could not properly diagnose his condition at the facility and that their suggestions for testing and treatment were disregarded; that he was only prescribed valium for pain by prison officials during the following month; and that he was continually criticized and derided for his complaints of severe pain. He was transferred to the Medical Center for Federal Prisoners at Springfield, Missouri, on October 28, 1982. Since that time, he has received extensive treatment for the results of his Oklahoma accident, although he continues to complain that the treatment is inadequate and ineffective.

On July 28, 1983, Mullen filed the present action alleging cruel and unusual punishment against William French Smith, the Attorney General of the United States; Norman Carlson, the Director of the United States Bureau of Prisons; and various prison officials and personnel at the El Reno and Springfield facilities. The United States District Court for the Western District of Missouri found that Mullen merely disagreed with the course of medical treatment afforded him by the prison authorities, a complaint which on the facts alleged did not rise to the level of a constitutional violation. The court suggested that Mullen's allegations of negligence should be brought under the Federal Tort Claims Act after properly exhausting his administrative remedies, and dismissed his constitutional action as to all defendants. Mullen appeals.

■ Initially, counsel for Mullen conceded at oral argument that this action could not be maintained against defendants Smith and Carlson, insofar as Mullen alleges at most that they should be liable under a theory of respondeat superior which is improper to this type of action. *See Glick v. Sargent*, 696 F.2d 413, 414–415 (8th Cir. 1983) (per curiam) (action under 42 U.S.C. § 1983); *Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir.1981) (respondeat superior generally unavailable as a theory of liability under section 1983 and in a direct constitutional action). We therefore affirm the dismissal of Mullen's present action against Smith and Carlson. In addition, we agree with the district court that the allegations of improper conduct at the Springfield facility do not state a claim under the eighth amendment. We therefore also affirm as to defendants J.S. Petrovsky, Warden of the Medical Center for Federal Prisoners at Springfield; and Karl L. Albacek, a medical doctor at the Springfield facility.

■ As to several Oklahoma defendants, however, Mullen makes the following allegations:

During the period of September 14, 1982 until October 28, 1982 plaintiff was under the direct care of defendants Hicks, Jaworski, Maize, Wallace, Robles, Boykin, and Robinson. He complained to each of them of the pain he was suffering and the inability to walk. His complaints were answered with ridicule and derision.

On, or about September 21, 1982 defendants Hicks, Boykin, and Robles physically removed the plaintiff from his bed and ordered him to walk. Plaintiff was unable to walk and fell to the floor. He was then subjected to verbal abuse from the aforementioned defendants and was told by defendant Hicks that there was nothing wrong with him and that he would receive no medical treatment or tests.

Pro se complaints are to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30

L.Ed.2d 652 (1971). In our view, the above allegations do at least state a claim of cruel and unusual punishment sufficient to survive a motion for dismissal on that ground. *See Fields v. Gander,* 734 F.2d 1313 at 1314–1315 (8th Cir.1984); *Byrd v. Wilson,* 701 F.2d 592, 593–595 (6th Cir.1983) (per curiam); *Kelsey v. Ewing,* 652 F.2d 4, 5–6 (8th Cir.1981). We therefore reverse the district court's dismissal for failure to state a claim as to all the Oklahoma defendants listed in Mullen's complaint.

Our reversal as to the Oklahoma defendants is without prejudice to their rights to seek dismissal, summary judgment, or other appropriate relief because of lack of personal jurisdiction, improper venue, sovereign immunity, or any other applicable ground or defense.

Affirmed in part; reversed and remanded in part.