**Bobby TOOMBS, Appellant,**

v.

**Dr. Carl BELL; Norvell Dixon, Nurse, Cummins Unit, Arkansas Department of Corrections, Appellees.**

**No. 85–2333.**

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1986.

Decided Aug. 11, 1986.

Lisa A. Kelly, Pine Bluff, Ark., for appellant.

No argument was made by appellees. Argument was waived.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and REGAN,* Senior District Judge.

MAGILL, Circuit Judge.

Bobby Toombs, an inmate of the Cummins Unit of the Arkansas Department of Corrections ("Department") appeals the district court's dismissal, for lack of jurisdiction, of his 42 U.S.C. § 1983 claim against Dr. Carl Bell and Nurse Norvell Dixon, employees of the Department. For the reasons below, we reverse and remand to the district court with instructions to let Toombs amend his pleadings and develop his claim.

## I. BACKGROUND.

Toombs' complaint alleged the following: (1) from August 24 through September 15 of 1984, he felt pain and swelling beneath his right rib cage; (2) starting August 26, 1984, and for the next three weeks Toombs went to sick call daily; (3) Nurse Dixon refused to give Toombs medical treatment

* The Honorable John K. Regan, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

at sick call and told him, in Toombs' words: "it's only gas move your ass;" (4) Dr. Bell told Toombs that nothing was wrong with him; (5) on September 15, 1984, Toombs passed out from pain; and (6) on September 20, 1984, Toombs' gallbladder was removed at Jefferson Regional Medical Center because of gallstones too large to treat.

Dixon filed an answer denying the allegations of Toombs' complaint. Bell, asserting lack of jurisdiction, filed a motion to dismiss, which the district court granted. Toombs brought this appeal *pro se,* and counsel was appointed for him.

## II. DISCUSSION.

The district court stated that it lacked jurisdiction over Toombs' complaint because there was no diversity and because the claim alleged malpractice actionable under state law. Toombs, however, sought to assert a complaint under section 1983, and thus the district court had jurisdiction under 28 U.S.C. § 1331. The district court's ruling was, in effect, an order of dismissal under Fed.R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." The issue before the district court was not whether Toombs' claim should ultimately prevail, but whether he should have the chance to prove his case. The question before us is thus whether Toombs states a claim under section 1983.

■ In reviewing a dismissal for failure to state a claim, we follow the accepted rule that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). We also note that this action was filed *pro se,* and we hold such complaints "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *see also Toombs v. Hicks,* 773 F.2d 995, 997 (8th Cir.1985).

In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), which is dispositive, a prisoner alleged a section 1983 violation in mistreatment of a back injury. The *Estelle* Court traced the evolution of the Eighth Amendment from its early goal of protecting prisoners from torture or a lingering death to the more recent "standards of decency that mark the progress of a maturing society." *Id.* at 102, 97 S.Ct. at 290. The Supreme Court stated that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' [citation omitted] proscribed by the Eighth Amendment." *Id.* at 104, 97 S.Ct. at 291. The Court concluded that:

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. * * * In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 106, 97 S.Ct. at 292.

■ Thus we focus on whether Dr. Bell and Nurse Dixon showed deliberate indifference to Toombs' serious medical needs. For present purposes, we accept as true all allegations in Toombs' pleadings. *Chapman v. Musich,* 726 F.2d 405, 408 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 325, 83 L.Ed.2d 262 (1984). Toombs alleged that he was not treated for three weeks although he daily requested treatment, that Nurse Dixon dismissed his grievances in a disparaging manner, that Dr. Bell failed to treat him, and that his condition finally required gallbladder removal. These allegations state a claim of deliberate indifference to serious medical needs.

This court has reversed and remanded dismissals of prisoners' claims perhaps less grave than the one at issue. *See, e.g., Mullen v. Smith,* 738 F.2d 317 (8th Cir. 1984) (head injury untreated for four hours, then valium given to prisoner); *Cummings v. Roberts,* 628 F.2d 1065 (8th Cir.1980) (back injury untreated for three days).

Accordingly, the judgment of the district court is reversed and the case remanded for proceedings consistent with this opinion. Upon remand, Toombs should be given "a chance to develop his case to the point at which the courts can determine whether it has merit." *East v. Lemons*, 768 F.2d 1000, 1001 (8th Cir.1985).

IT IS SO ORDERED.