858 F.2d 385
 Troy DACE, Appellant,
v.
Herman SOLEM, Warden, Dean Hinders, Richard Rist, Clifford
Hoff, Associate Wardens, Dr. Michael Olson, Dr. Delbert
Brown, South Dakota State Penitentiary, all sued in their
individual and official capacities, Appellees.
 No. 87-5268.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 10, 1988.
Decided July 19, 1988.
 
 Timothy M. Gebhart, Sioux Falls, S.D., for appellant.
 Janine Kern, Asst. Atty. Gen., Pierre, S.D., for appellees.
 Before BOWMAN and MAGILL, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Troy Dace appeals from the district court's dismissal of his complaint as frivolous. We reverse and remand for further proceedings.
 
 I. BACKGROUND
 
 2
 Dace, a prisoner at the South Dakota State Penitentiary (Penitentiary), brought this pro se action under 42 U.S.C. Sec. 1983, seeking monetary, declaratory, and injunctive relief. Dace was also granted permission to proceed in forma pauperis. He named as defendants the warden and three associate wardens of the Penitentiary, as well as the prison physician and prison psychologist (defendants).
 
 
 3
 Dace's complaint contains four claims. In claim one, Dace asserts that he was scheduled for surgery to repair a nasal defect before his incarceration and was denied this surgery after he was imprisoned. This denial of surgery, Dace argues, constitutes a denial of necessary medical treatment in violation of his eighth amendment rights.
 
 
 4
 In claim two, Dace asserts that on April 8, 1986, another inmate struck him on the side of his head with a pipe. He claims that he suffers from a variety of ailments as a result, that he was initially denied adequate treatment, and that the medication eventually prescribed by the prison physician was ineffective. He also asserts that he was given drugs without being told of their possible side effects and that those medications were abruptly terminated.
 
 
 5
 Dace asserts in claim three that, because he refused to testify against his assailant in state court assault proceedings, he has been verbally abused, threatened, and intimidated by the warden and associate wardens on numerous occasions, and that he has been denied trusty status by the prison classification board. Claim three also alleges that by allowing Dace to be attacked in the shop area of the prison, the defendants failed to provide a properly staffed shop area, and failed to properly train, control and supervise those persons responsible for inmates' safety in the shop area.
 
 
 6
 Dace asserts in claim four that the warden and associate wardens conspired to retaliate against him because of his involvement in lawsuits against prison personnel. Dace argues that his medium custody classification was revoked without any reason or prior hearing.
 
 
 7
 The district court dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d), before any of the defendants were served. Counsel appointed for Dace on appeal argues that under the liberal standards governing pro se prisoner complaints, his complaint alleged sufficient facts to state a claim that could entitle him to relief. He asserts that the district court thus abused its discretion in dismissing his complaint. The defendants respond that the district court properly dismissed Dace's complaint because it was factually and legally insufficient.
 
 II. DISCUSSION
 A. Standard of Review
 
 8
 The Seventh Circuit in Williams v. Faulkner, 837 F.2d 304 (7th Cir.1988), recently set out the framework for appellate review of district courts' dismissals of in forma pauperis litigation:
 
 
 9
 To ensure that indigents have access to the courts, Congress enacted 28 U.S.C. Sec. 1915 which established a system for in forma pauperis litigation. Congress recognized, however, the danger that without the monetary disincentives to filing suit, the federal courts could be opened to a flood of spurious litigation. To address these competing concerns, Congress gave district courts the authority to dismiss frivolous or malicious in forma pauperis complaints. 28 U.S.C. Sec. 1915(d); * * *. A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his [or her] claim for relief."
 
 
 10
 Williams, 837 F.2d at 306 (citations and footnote omitted).
 
 
 11
 Reviewing the factual allegations in Dace's complaint, which we must accept as true, Cline v. Herman, 601 F.2d 374, 375-76 (8th Cir.1979) (per curiam), we conclude that the face of his complaint does not show an "insuperable bar to relief" as required before we may dismiss. Munz v. Parr, 758 F.2d 1254, 1258 (8th Cir.1985). Nor, stated another way, is Dace's complaint irreparably defective. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir.1982) (per curiam). This is so because, as to each of his claims, Dace has set forth a legally and factually rational argument.
 
 B. Medical Claims
 
 12
 In Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), the Supreme Court held that a prisoner who alleges acts or omissions sufficiently harmful to show deliberate indifference to serious medical needs states a cognizable claim under 42 U.S.C. Sec. 1983. Dace alleges not only that his nasal condition causes pain, but that he was scheduled for surgery to treat the condition before being imprisoned and that penitentiary officials, despite being aware of his condition, have refused to provide him with necessary medical treatment. Because Dace's complaint was dismissed before discovery was had, there is no way to assess the seriousness of Dace's condition or the necessity of treatment.
 
 
 13
 The Second Circuit reversed a district court's dismissal of a similar claim in Corby v. Conboy, 457 F.2d 251, 254 (2d Cir.1972), a case which was quoted and cited with approval in Jones v. Lockhart, 484 F.2d 1192, 1194 (8th Cir.1973) (per curiam). As Dace points out, this court has reversed and remanded dismissals of prisoners' claims that were less serious than refusal to allow surgery scheduled before imprisonment. See, e.g., Mullen v. Smith, 738 F.2d 317, 318 (8th Cir.1984) (per curiam) (head injury untreated for four hours, then Valium given to prisoner); Cummings v. Roberts, 628 F.2d 1065, 1067-68 (8th Cir.1980) (back injury untreated for three days). We therefore conclude that Dace should be given a "chance to develop his case to the point at which the courts can determine whether it has merit." East v. Lemons, 768 F.2d 1000, 1001 (8th Cir.1985).
 
 
 14
 Similarly, with regard to Dace's head injury, we think he should be entitled to further develop his claim. Although the district court was correct in concluding that disagreement over medical treatment does not constitute a medical violation, see Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir.1985), we think Dace's claim on this issue can be read to allege more than mere disagreement. Dace argues that penitentiary officials were dilatory in giving him medication after the attack, and that the medication he received was either inappropriate or improperly administered. We think that Dace is at least entitled to an evidentiary hearing on this claim.
 
 C. Threatened Reprisals
 
 15
 After Dace was attacked by another inmate, that inmate was charged with aggravated assault. Dace alleges that penitentiary officials threatened him with various reprisals if he testified about the attack, including leaving him at the mercy of the inmate population as a "snitch." In claim three, Dace asserts that prison officials failed to protect him from inmate attack while in custody. It is well established that the constitution requires prison officials to take reasonable measures to protect prisoners from inmate attack while in custody. Miller v. Solem, 728 F.2d 1020, 1024 (8th Cir.), cert. denied, 469 U.S. 841, 105 S.Ct. 145, 83 L.Ed.2d 84 (1984); Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir.1984) (per curiam). Accordingly, Dace's arguments on this ground are not frivolous.
 
 
 16
 D. Retaliation for Prison-Related Litigation
 
 
 17
 Finally, Dace argues that his medium custody classification was adversely affected due to his involvement in prison-related litigation. Dace argues that under Dace v. Mickelson, 816 F.2d 1277, 1279 (8th Cir.1987), a genuine issue exists whether the custody classification regulations used to demote him contain "mandatory language" sufficient to create a liberty interest, see Hewitt v. Helms, 459 U.S. 460, 471-72, 103 S.Ct. 864, 871-72, 74 L.Ed.2d 675 (1983), and thus whether Dace is entitled to due process procedural protections before having his classification changed. Although expressing no opinion on the validity of Dace's argument, we think that, in view of the liberal construction given pro se prisoner complaints, Dace's argument cannot be called so frivolous as to justify summary dismissal. There is no question that state officials may not retaliate against a prison inmate for exercising his legal right of access to the courts. Johnson v. Avery, 393 U.S. 483, 485-87, 89 S.Ct. 747, 748-50, 21 L.Ed.2d 718 (1969). It is conceivable that Dace can prove facts in support of his claim that prison officials retaliated against him because of his previous use of the courts. Accordingly, Dace should be given an opportunity to further develop this claim.
 
 
 18
 For the foregoing reasons, the district court's order dismissing Dace's complaint is reversed, and the case is remanded for further proceedings.
 
 
 
 *
 THE HONORABLE THOMAS E. FAIRCHILD, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation