Darrin MONEY, Appellant,

v.

Dick MOORE, Jerry Bolin, George Lombardi, James Purkett, Rich W. Wray, David Harris, and Cranston Mitchell, Appellees.

No. 87–2482.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1989.

Decided June 7, 1989.

Duane J. Fox, Kansas City, Mo., for appellant.

Kelly Mescher, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before FAGG, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Darrin Money filed a *pro se* civil rights complaint against various Missouri prison officials. *See* 42 U.S.C. § 1983 (1982). The district court dismissed Money's complaint before service on the defendants and before the appointment of counsel. *See* 28 U.S.C. § 1915(d) (1982) (frivolous complaint). Money appeals the dismissal. We vacate the district court's order and remand for further proceedings in light of the Supreme Court's recent decision in *Neitzke v. Williams,* — U.S. —, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Because Money filed his civil rights complaint *pro se,* we must liberally construe that complaint. *See Nickens v. White,* 622 F.2d 967, 969 n. 2 (8th Cir.), *cert. denied,* 449 U.S. 1018, 101 S.Ct. 581, 66 L.Ed.2d 478 (1980). Additionally, at this stage of the current proceedings, we must accept as true the factual assertions in Money's complaint. *See Dace v. Solem,* 858 F.2d 385, 387 (8th Cir.1988) (per curiam). Money stated that on November 3, 1985, several inmates at the Ozark Correctional Center in Missouri assaulted a corrections officer. Officials charged Money with the assault. After a hearing, Money was placed in segregated confinement for two weeks, transferred to maximum security custody, and denied release on his scheduled parole date.

Among other claims, Money asserted the defendants violated his due process rights by denying him: (1) an opportunity to appear before the disciplinary body; (2) written notice of the charge against him twenty-four hours in advance of a hearing; (3) the opportunity to present witnesses and documentary evidence to an impartial hearing body; and (4) a written statement of the evidence against him and the reasons for disciplinary action. *See Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 2978–80, 41 L.Ed.2d 935 (1974). Nevertheless, the district court concluded that Money could "prove no set of facts in support of his claim [that] would entitle him to the relief sought." The court thus dismissed Money's complaint "for failure to state a claim." *See* Fed.R.Civ.P. 12(b)(6).

At the time of its ruling, the district court did not have the benefit of the recent Supreme Court decision in *Neitzke*. The Supreme Court indicated in *Neitzke* that rule 12(b)(6) and section 1915(d) are governed by different considerations and standards. —— U.S. at ——, 109 S.Ct. at 1832–34. Thus, these provisions are not interchangeable. *Id.* at ——, 109 S.Ct. at 1833. An in forma pauperis complaint is not automatically frivolous under section 1915(d) simply because it fails to state a claim as drafted. *Id.* at ——, 109 S.Ct. at 1834.

We are unable to determine whether the district court equated the rule 12(b)(6) standard (failure to state a claim) with the section 1915(d) standard (frivolous complaint). Accordingly, we vacate the district court's order dismissing Money's complaint and remand for further proceedings consistent with the Supreme Court's decision in *Neitzke*.