769 F.Supp. 1080 (1991)
VSA, et al., Plaintiffs,
v.
VON WEISE GEAR CO., et al., Defendants.
No. 89-2063-C-5.
United States District Court, E.D. Missouri, E.D.
July 26, 1991.
*1081 Alvin Greenwald, Randy Greenwald and Christine Harwell, Los Angeles, Cal., Gerald Rimmel, Michael Waxenberg, Susman, Schermer, Rimmel & Shifrin, St. Louis, Mo., for plaintiffs.
Richard J. Ney, Armen K. Hovannisian, Chadbourne & Parke, Los Angeles, Cal., for Von Weise Gear, Fasco and Hawker Siddeley.
John S. Sandberg, Eric Trelz, Shepherd, Sandberg & Phoenix, St. Louis, Mo., for defendants.
Jay Robert Henneberry, Chadbourne & Parke, Los Angeles, Cal.

MEMORANDUM
LIMBAUGH, District Judge.
This cause is before the Court on defendants Von Weise Gear Company and Fasco Industries, Inc.'s motion for judgment on the pleadings on Counts XLV and XLVI for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO").

I. Background

Plaintiffs' complaint originally alleged forty-six separate causes of action arising from the termination of sales representative agreements executed between plaintiffs and defendant Von Weise Gear Company ("Von Weise"). On October 22, 1990, this Court granted defendant Hawker Siddeley Group Public Limited Company's ("Hawker Siddeley") motion to dismiss for lack of personal jurisdiction and granted in part defendants Von Weise and Fasco Industries, Inc.'s ("Fasco") motion for judgment on the pleadings. The Court also ordered plaintiffs to file a RICO Case Statement, which they did on November 30, 1990. Defendants now move for judgment on the pleadings on the RICO counts.

*1082 II. Motion for Judgment on the Pleadings

A. Choice of Law

Plaintiffs originally filed this action in the United States District Court for the Central District of California. Upon motion of the defendants, that Court transferred the case to this district to promote the convenience of the parties and witnesses and the interests of justice pursuant to 28 U.S.C. § 1404. Order of October 16, 1989. The rule is that when a transfer was on motion of the defendant, the transferee court must apply the law that would have been applied in the transferor court, so that a change in forum will mean a change in courtrooms, not a change of law. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Wert v. McDonnell Douglas Corp., 634 F.Supp. 401 (E.D.Mo.1986). In diversity cases, federal courts must apply the conflict-of-law principles of the forum state. S.A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co., 641 F.2d 746, 749 (9th Cir. 1981). This Court has already applied the choice-of-law rules of California and determined that Missouri law governs this case.[1]See Memorandum and Order of October 22, 1990.

B. Standard of Review

Defendants move under Fed.R.Civ.Pro. 12(c) for judgment on the pleadings. A defense of failure to state a claim may be raised in such a motion and the same standard is employed as if the motion were brought under Rule 12(b)(6). St. Paul Ramsey County Medical Center v. Pennington County, 857 F.2d 1185, 1187-88 (8th Cir.1988). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957) (footnote omitted). A court must view the facts alleged in the complaint in the light most favorable to the plaintiffs. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). A court should not grant a motion to dismiss merely because it doubts that a plaintiff will be able to prove all of the necessary factual allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir.1982). A court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiffs can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46, 78 S.Ct. at 101-102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiffs' complaint.

C. The RICO Claims

Defendants move for judgment on Counts XLV and XLVI for violation of the RICO on the basis that plaintiffs have failed to state a RICO claim and that the supporting allegation of mail fraud has not been pled with the particularity required by Fed.R.Civ.P. 9(b).[2]
Section 1964(c) of RICO authorizes civil recovery for violations of § 1962 of that Act.[3] Plaintiffs allege in Counts XLV and XLVI that defendants violated 18 U.S.C. §§ 1962(c) and (d). RICO makes it unlawful for a person associated with an enterprise *1083 to conduct the affairs of an enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c).[4] Section 1962(d) makes it illegal for any person to conspire to violate § 1962(c).
Plaintiffs are a group of sales representatives for Von Weise whose sales contracts were terminated in 1989 pursuant to a 30-day notice provision contained in each contract. At that time, Von Weise was acquired by Fasco and changed to an in-house sales staff. The essence of plaintiffs RICO allegations is that defendants wrongfully misrepresented to them that Fasco planned to continue to do business with sales representatives and defendants used the mails to "misappropriate" plaintiffs' customers and convert them into house accounts, thereby depriving plaintiffs of commissions. This, plaintiffs claim, amounted to a scheme involving mail fraud with the goal of selling plaintiffs' commission "entitlements" as part of a securities transaction and creating consumer price advantages.[5]

1. § 1962(c)
To establish a RICO claim under § 1962(c), a plaintiff must demonstrate: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985); Atlas Pile Driving Co. v. Di Con Financial Co., 886 F.2d 986 (8th Cir. 1989). Section 1961(4) states that an "`enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4) (1981).[6] A "pattern of racketeering activity" requires the commission of at least two acts of racketeering activity within a ten-year period. 18 U.S.C. § 1961(5). "Racketeering activity" includes conduct indictable under specified federal statutes. 18 U.S.C. § 1961(1)(B) (1982 & Supp. V 1987).
Plaintiffs complaint fails for two reasons: first, the complaint does not adequately allege the predicate acts of racketeering activity, specifically, mail fraud; and second, even if plaintiffs have sufficiently pled mail fraud, plaintiffs have failed to allege a pattern of racketeering activity.

a. Allegations of predicate acts of mail fraud

To prevail under RICO, a plaintiff must demonstrate that a defendant committed acts of racketeering activity, also known as predicate offenses. Atlas Pile Driving, 886 F.2d at 990. Here, plaintiffs allege that defendants engaged in mail fraud, 18 U.S.C. § 1341 (1982), which is one of the predicate offenses listed in § 1961(1)(B).[7]
Plaintiffs contend the alleged predicate acts of mail fraud took place from some time in 1987 to September 1988. However, they name only four specific acts which *1084 they claim constitute mail fraud.[8] First, a letter of June 13, 1988 told the sales representatives that they were "a key element of Von Weise's success" without disclosing the intent to switch to an in-house sales staff.[9] Second, letters of July 8, 1988 "converted" two large customers into house accounts.[10] Third, on August 29, 1988, defendants mailed plaintiffs notice of termination and informed them of the change to an in-house sales staff.[11] Finally, on September 6, 1988, plaintiffs' former customers were sent letters informing them that they would no longer deal with plaintiffs and telling of the strengths of Fasco's in-house sales staff.[12]
Plaintiffs have failed to allege any way in which they were "defrauded" by defendants. They have not alleged that any statement to them was untrue nor have they alleged how they were misled by these statements. The contracts in issue provide: "This agreement may be terminated by either party upon thirty (30) days' written notice." Telling plaintiffs that they were "key to the company's success" then terminating them three months later pursuant to their contracts does not rise to the level of a scheme to defraud. At best, "the conduct allegedly engaged in by defendants was in some general moral sense fraudulent." Flowers v. Continental Grain Co., 775 F.2d 1051, 1054 (8th Cir.1985). However, the contractual right to honest and faithful services is "an interest too ethereal in itself to fall within the protection of the mail fraud statute." Carpenter v. United States, 484 U.S. 19, 25, 108 S.Ct. 316, 320, 98 L.Ed.2d 275 (1987).
Although the Court must accept as true the allegations of plaintiffs' complaint, defendants' activities do not constitute acts of racketeering activity that are required to state a claim under 18 U.S.C. § 1962(c).

b. Pattern of racketeering activity

A "pattern of racketeering activity" requires the commission of at least two acts of racketeering activity. 18 U.S.C. § 1961(5). "[A] plaintiff ... must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989) (emphasis in original). "It is this factor, continuity plus relationship, which combines to produce a pattern." Id.
The United States Supreme Court has held that the acts must amount to, or threaten, continued criminal activity.
To establish a RICO pattern it must ... be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity.... What a plaintiff must prove is continuity of racketeering activity, or its threat, simpliciter.

Id., 109 S.Ct. at 2901. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement." Id. at 2902. Predicate acts do not threaten future criminal conduct unless (1) they inherently *1085 involve a distinct implicit or explicit threat of long-term racketeering activity; or (2) they are a regular way of conducting the defendant's ongoing business. Id.
Defendants acts were closed-ended over a short period of time with no threat of ongoing activity. Plaintiffs allege only four occasions when the mails were used: June 13, 1988, July 8, 1988, August 29, 1988 and September 9, 1988. The period of allegedly fraudulent activity extends over less than three months.
Even assuming defendants launched the purported scheme in 1987 as plaintiffs assert, there is no threat of continued criminal activity. The purpose of the allegedly fraudulent scheme was to terminate the agents contracts and convert to an in-house sales staff. "The scheme, therefore, had a natural ending with no threat of continued criminal activity." Olive Can Co. v. Martin, 906 F.2d 1147, 1151 (7th Cir.1990). "There is, therefore, no `specific threat of repetition,' nor has there been a showing that the predicate acts are part of the defendants' `regular way of doing business.'" Id. (quoting Northwestern Bell, 109 S.Ct. at 2902). Therefore, the Court holds that the continuity element of the pattern requirement is not satisfied.
Again, although the Court must accept as true the allegations of plaintiffs' complaint, defendants' activities do not constitute acts of racketeering activity that are required to state a claim under 18 U.S.C. § 1962(c).

2. § 1962(d)
"[A] conspiracy claim under § 1962(d) will not lie when the Court has determined that the plaintiffs has failed to state a claim under § 1962(c)." Police Retirement System v. Midwest Invest. Advisory Services, Inc., 706 F.Supp. 708, 713 (E.D.Mo. 1989).
Plaintiffs' failure to establish the predicate offenses or a pattern of racketeering activity mandates the dismissal of the RICO claims under 18 U.S.C. §§ 1962(c) and 1962(d).[13] Therefore, defendants' motion for judgment on the pleadings with respect to Counts XLV and XLVI is granted.

III. Motion to Dismiss

Defendants also move pursuant to Rule 12(b)(1) to dismiss the remaining counts of the complaint on the grounds that the court lacks subject matter jurisdiction. Plaintiffs initially based jurisdiction on both federal question and diversity jurisdiction. Because the Court granted judgment in favor of defendants on the RICO claims, federal question cannot form the basis of jurisdiction. "When the federal claims are disposed of before trial, the state claims should be dismissed without prejudice almost as a matter of course." Baltimore Orioles, Inc. v. Major League Baseball Players Asso., 805 F.2d 663, 682 (7th Cir. 1986). Defendants challenge plaintiffs allegations of diversity.
A genuine issue exists as to whether diversity jurisdiction exists. Plaintiffs shall have thirty days in which to supplement its opposition to defendants' motion to dismiss and to show cause why the Court should not grant defendants' motion to dismiss for lack of subject matter jurisdiction.

IV. Motion for Rule 11 Sanctions

Defendant Hawker Siddeley moves for sanctions of attorneys fees pursuant to Fed.R.Civ.Proc. 11. Rule 11 requires persons filing pleadings in federal court to conduct a reasonable inquiry to determine that the pleading is well grounded in fact and is warranted by existed law. The rule provides for sanctions upon violation, including reasonable expenses incurred because of the filing of the pleading.
On October 22, 1990, this Court granted defendant Hawker Siddeley's motion to dismiss for lack of personal jurisdiction.[14] *1086 Hawker Siddeley contends that any reasonable investigation into the facts and law would have revealed that Hawker Siddeley was not subject to personal jurisdiction in this Court or in the district court in California where plaintiffs filed this case.
The Court finds that plaintiffs and their counsel conducted a reasonable pre-filing inquiry into the facts and law supporting the naming of Hawker Siddeley as a defendant in this case. See O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir.1987). Accordingly, defendant Hawker Siddeley's motion for sanctions is denied.

ORDER
IT IS HEREBY ORDERED that defendants' motion for judgment on the pleadings on Counts XLV and XLVI for violation of the Racketeer Influenced and Corrupt Organizations Act is GRANTED. Judgment is entered in favor of defendants and against plaintiffs on the merits of Counts XLV and XLVI.
IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of jurisdiction is HELD IN ABEYANCE. Plaintiffs shall have thirty (30) days to show cause why the Court should not grant defendants' motion to dismiss for lack of subject matter jurisdiction.
IT IS FINALLY ORDERED that defendant Hawker Siddeley's motion for Rule 11 sanctions is DENIED.
NOTES
[1] This dispute arises from contracts with express choice-of-law provisions. The parties expressly agreed that Missouri law would apply to contract disputes "and/or any questions arising therefrom." All of plaintiffs' claims relate to or arise from the contracts. Accordingly, under California choice of law rules, Missouri law will govern this case.
[2] "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ. Proc. 9(b).
[3] A person found in a private civil action to have violated RICO is liable for treble damages, costs, and attorneys fees. § 1964(c).
[4] The major target of RICO is "the predation of mobsters." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S.Ct. 2893, 2904, 106 L.Ed.2d 195 (1989). However, Congress adopted language in RICO "capable of extending beyond organized crime." Id.
[5] Plaintiffs' complaint alleges a pattern of racketeering as follows:

[I]n or about August, 1987 and thereafter, conduct was committed by Defendants for the wrongful purposes of the enterprise consisting of Defendant's creation of house accounts and manipulation of consumer prices, which conduct affected interstate commerce through a pattern of racketeering activity, through mail fraud, ... which mail fraud and other activities and conduct of Defendants caused injury to Plaintiffs business.
Plaintiffs allege ... that Defendants violated the U.S. securities act, rules, regulations and laws by not disclosing the enterprise as alleged above described....
Complaint, ¶ 165-66.
[6] Plaintiffs allege the enterprise that is "an association-in-fact consisting of Von Weise Gear Co., Fasco Industries, Inc. and Hawker-Siddeley Group, PLC. These three corporations enjoy common ownership, officers and directors."

Plaintiffs RICO Statement ¶ 6(a).
[7] Section 1341 provides "Whoever, having devised ... any scheme or artifice to defraud, ... for the purpose of executing such scheme or artifice ..., places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, ... shall be fined ... or imprisoned.... 18 U.S.C. § 1341 (1982).
[8] "The acts included that specifically on or about June 13, 1988, July 8, 1988, August 29, 1988 and September 6, 1988, Defendants placed in the U.S. mails fraudulent and misleading correspondence from which Plaintiffs and others discovered the wrongful acts of Defendants." Plaintiffs' RICO Statement, ¶ 5(a).
[9] The June 13, 1998 letter stated "we believe that, as part of Von Weise's uniquely qualified sales organization, you are a key element of Von Weise's success." Plaintiffs claim the letter was fraudulent because it omitted Fasco's intent to alter its marketing method by employing an in-house sales staff in place of the commissioned sales representatives.
[10] Plaintiffs allege that customers were "converted" into house accounts in part by use of the mails.
[11] On August 29, 1988 termination letters were mailed to each plaintiff which read "Notice of termination is given to [name of plaintiff] effective September 1, 1988 as the sales representative for Von Weise Gear Company. Von Weise has made the decision to utilize in-house sales staff. Your Von Weise sales territory will become a house account effective October 1, 1988. We appreciate your help in the past."
[12] Defendants sent letters to all customers notifying them of the decision not to deal through the representatives any longer and lists the new Fasco sales force.
[13] Defendants also argue that the indefiniteness of the meaning of "pattern of racketeering activity" renders RICO unconstitutionally vague. Because, we hold that plaintiffs failed to state a claim under RICO we need not reach the constitutional issue.
[14] Plaintiffs argue that by filing its motion for sanctions, defendant Hawker Siddeley submitted itself to the jurisdiction of this Court. Plaintiff's position in unfounded. To hold otherwise would greatly diminish the effectiveness of Rule 11. Defendants who are dismissed for lack of personal jurisdiction must be able to come to court to seek Rule 11 sanctions without subjecting themselves to the court's jurisdiction.