**Alan L. GRUBEN, Plaintiff,**

v.

**FAMOUS–BARR CO., Defendant.**

**No. 4:92CV 1801 SNL.**

United States District Court, E.D. Missouri, E.D.

June 16, 1993.

Michael J. Hoare, Michael J. Hoare & Associates, St. Louis, MO, for plaintiff.

Judson W. Calkins, Steven C. Schwendemann, May Dept. Stores Co., St. Louis, MO, for defendant.

## MEMORANDUM

LIMBAUGH, District Judge.

This matter is before the Court upon defendant's Motion to Dismiss Count II for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff filed a two-count Complaint, alleging in Count II that defendant violated the Missouri Human Rights Act (hereinafter "MHRA"). Defendant moves to dismiss Count II, arguing that Missouri Workers' Compensation law provides the exclusive remedy for workplace injuries concerning emotional distress and that plaintiff failed to timely file a complaint with and failed to obtain a right to sue letter from the Missouri Commission on Human Rights (hereinafter "MCHR"). Plaintiff opposes said motion.

### I. Standard for Dismissal

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Toombs v. Bell,* 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, *Federal Practice and Procedure:* Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* at 122–123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* 355 U.S. at 45–46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a

plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.

## II. Facts

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on July 24, 1991, alleging that the most recent act of discrimination took place on March 22, 1991. The EEOC forwarded the charge to the MCHR, but the Commission did not receive it until November 12, 1991, or 235 days after the last act of alleged discrimination occurred.

The MCHR rendered an Initial Determination on March 12, 1992, finding that it was without jurisdiction because plaintiff had not timely filed his charge. The MCHR based its determination on *Montano v. Anheuser-Busch,* No. 90-1133-C(5), (E.D.Mo., August 12, 1991), in which the Court held that a charge was not effectively filed with MCHR until it was actually received. It should be noted that in the Initial Determination in which the MCHR found that it was without jurisdiction, the MCHR stated that the complaint was "filed on July 24, 1991 with the Missouri Commission on Human Rights ..." Def. Ex. 2.

The MCHR administratively closed the case because it determined that it was without jurisdiction in that more than 180 days had elapsed since the last alleged act of discrimination. On March 25, 1992, the MCHR wrote to plaintiff to inform him that it had completed its investigation, that it had entered a decision of no jurisdiction, and that his complaint would be closed unless he took an immediate appeal. On June 15, 1992, plaintiff requested a right to sue letter and on July 6, 1992, the director of operations for the MCHR declined to issue one based upon its determinations in the case.

## III. Analysis

It would appear to the Court that there is a good deal of confusion among the complainants and the agencies themselves with regards to the dual filing status of a complaint with the EEOC and the MCHR. This is evidenced by the documents filed in support of defendant's Motion to Dismiss. In the initial form which plaintiff filed his complaint of discrimination with the EEOC (which is an EEOC form), the form contains space not only for the EEOC as an agency, but also a space for the state or local agency, which in this case is the MCHR. Def. Ex. 1. Thus, the initial complaint has both agencies in the form. As stated previously, the Initial Determination letter stated that plaintiff filed his complaint "on July 24, 1991 with the Missouri Commission on Human Rights...." Def. Ex. 2. This is the date in which plaintiff filed his complaint with the EEOC. In defendant's reply memorandum, it provides an affidavit from Eric Krekel, the Director of Operations of the MCHR. He states that this was an inadvertent and incorrect statement and that the actual date of filing was November 12, 1991. However, defendant's Exhibit 3 would also appear to consider the date of filing with the EEOC as the same date of filing with the MCHR. Defendant's Exhibit 3 is the March 25, 1992 letter in which the MCHR completed its investigation. In that letter, the MCHR states that "when [plaintiff] filed with the Missouri Commission on Human Rights (MCHR), [his] complaint was also dually filed with the U.S. Equal Employment Opportunity Commission (EEOC)." Def. Ex. 3. Upon review of the arguments in the present cause and review of the prior *Montano v. Anheuser-Busch* decision, it is the opinion of this Court that further review of the issues addressed in *Montano* are necessary.

In *Montano,* plaintiff filed a complaint with the EEOC on May 11, 1989. Due to EEOC error, the complaint was not received by the MCHR until April 20, 1990. This Court held that Mo.Rev.Stat. § 213.075.1 conflicted with Missouri regulation 8 C.S.R. 60-2.025(4) and the Worksharing Agreement between EEOC and MCHR, both of which provided that a complaint with the MCHR would deemed to be filed when received either by the MCHR or the EEOC. Thus, the Court held that a complaint was not deemed to be filed with

the MCHR until it was actually received by that organization.

■ Upon further consideration, it is the opinion of this Court that Mo.Rev.Stat. § 213.075.1 is not in conflict with Missouri regulation 8 C.S.R. 60–2.025(4) and the Worksharing Agreement between the MCHR and EEOC. Mo.Rev.Stat. § 213.-075.1 provides in pertinent part:

Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the [MCHR] a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the [MCHR].

Mo.Rev.Stat. § 213.075.1. The Missouri regulation 8 C.S.R. 60–2.025(4) provides in pertinent part:

A complaint shall be deemed filed on the date actually received by the [MCHR], a commissioner or a member of the commission's staff when filed in person or on the date postmarked when filed by mail, or in the case of a complaint originally filed with the United States EEOC or other federal agencies, which have wordsharing [sic] or deferral agreements with the [MCHR] . . . upon the date it is actually received by that commission.

8 C.S.R. 60–2.025(4). The Worksharing Agreement between the EEOC and the MCHR provides, in relevant part:

II.A. In order to facilitate the assertion of employment rights (under dual filing) the EEOC and MCHR each designate the other as its agent for the purpose of receiving charges.

E. Dually filed charges shall be received, maintained and processed by EEOC and MCHR in such a manner that they constitute a common workload of both agencies, either of which may proceed on such charges at any time if this [Worksharing Agreement] should be amended.

Upon further consideration of the language in Mo.Rev.Stat. § 213.075.1, 8 C.S.R. 60–

2.025(4) and the Worksharing Agreement, it is the opinion of this Court that said statute is not in direct conflict or contradiction with the regulation or Worksharing Agreement. Instead, the regulation and Worksharing Agreement only attempt to define what constitutes "file" in the text of Mo.Rev.Stat. § 213.075.1. The statute does not attempt to define "file," but rather sets the statutory time limit for filing. Upon reconsideration, therefore, the Court finds that a complaint which is filed with the EEOC within the statutory time limit required under the Missouri Human Rights Act (hereinafter "MHRA") is deemed to be filed with the MCHR, pursuant to 8 C.S.R. 60–2.025(4).

This holding is consistent with the intent of the Missouri legislature. In 1992, the Missouri legislature revised Mo.Rev.Stat. § 213.-075 and added a new paragraph contained in 213.075.2. The new language, in relevant part, states:

Any complaint which is filed with the federal Equal Employment Opportunity Commission or other federal agencies with which the commission has a work-sharing or deferral agreement . . . shall be deemed filed with the [MCHR] on the date that such complaint is received by such federal agency.

Mo.Rev.Stat. § 213.075.2. This language almost exactly mirrors the language ·of 8 C.S.R. 60–2.025(4). Although this statute did not go into effect until after the time that plaintiff filed his complaint with the EEOC and subsequent lawsuit, it further evidences the Court's holding that Mo.Rev.Stat. § 213.-075 and 8 C.S.R. 60–2.025(4) are not in direct conflict or contradiction.

■ In the present cause, plaintiff's complaint with the EEOC, which was filed within 180 days of the last alleged act of discrimination, shall be deemed to be a filing with the MCHR. Thus, the statutory time limits under Mo.Rev.Stat. § 213.075.1 were met by plaintiff. It is the opinion of this Court, therefore, that defendant's Motion to Dismiss for lack of subject matter jurisdiction should be denied.

■ Defendant further argues that Count II, to the extent that it relates to emotional distress damages, should be dismissed for failure to state a claim upon which relief may

be granted. Defendant argues that the Missouri Workers' Compensation laws provide the exclusive remedy for workplace injuries and, therefore, the exclusive remedy for emotional distress claims. Both parties cite to previous rulings by this Court which would support their position regarding this issue. There has been some variation in the past as to whether a claim for emotional damages is allowed by this Court under the MHRA. This appears to have been resolved within the last year.

In *Moore v. Monsanto Company,* No. 90–377C(5) (E.D.Mo., April 6, 1992), this Court held that emotional distress damages are recoverable under the MHRA as part of the "actual damages" allowed by the relevant statutory provisions, and emotional distress damages under the MHRA are not preempted by the Missouri Workers' Compensation Act. This Court recognized the current rulings of the courts within the Eastern District of Missouri and followed the same. Thus, it is the opinion of this Court that defendant's Motion to Dismiss plaintiff's claim for emotional distress in Count II should be denied.