Jerry **ELLIS**, Appellant,

v.

Jerry **BUTLER**, L.P.N. Maximum Security Unit, Appellee.

Jerry **ELLIS**, Appellant,

v.

Dr. R. **JONES**, LPN B. Marks, Maximum Security Unit, Appellees.

Nos. 89–2064, 89–2110.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 24, 1989.

Decided Oct. 30, 1989.

---

Jerry Ellis, pro se.

Alan Humphries, Pine Bluff, Ark., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Jerry Ellis, an Arkansas inmate, appeals pro se from the orders of the District Court sua sponte dismissing his two 42 U.S.C. § 1983 actions claiming improper medical care, for failure to state a claim. We reverse both actions and remand for further proceedings.

Ellis's first complaint was filed on May 18, 1988, against Jerry Butler, a prison nurse. Ellis alleged that on April 16, 1988, a Saturday, he informed a guard that he needed to see someone from the infirmary about a swollen knee. Approximately three hours later, Butler came by, looked at the knee, and told Ellis he would have him called to the infirmary after completing pill call. When Butler returned for pill call around 8:30 that evening, Ellis asked him why he had not been called to the infirmary. Butler responded that he only handled emergencies, and Ellis's condition was not an emergency.

The following Monday, Ellis went to sick call because his "knee was still hurting." Jordan, L.P.N. prescribed "rufen" (a pain pill) for five days. The next night, when Butler came through for pill call, he did not deliver Ellis's pain pill and told Ellis in a sarcastic manner, "I don't have anything for you."

In his answer Butler stated that he observed Ellis's knee, determined it was not an emergency, and referred Ellis to sick call. In response to the allegations concerning the pain pill, Butler stated that a medication chart had not been filled out for Ellis, and without a completed chart, prescriptions cannot be delivered.

Ellis filed the second complaint on March 8, 1989, against appellees Dr. R. Jones and B. Marks, L.P.N. According to the complaint, after the events described in the first complaint, Dr. Jones cancelled an appointment arranged by another doctor for Ellis to see a knee specialist. Jones told Ellis that he would decide whether a specialist should be called in. When Ellis

asked for more medication, Jones told him to come back when he was having a problem. When Ellis replied that he was having a problem, Jones told him to come back when his knee was swollen, and ordered him to leave the infirmary. Ellis also alleged that for two weeks prior to filing the complaint, he made several requests to go to sick call for back, knee and sinus problems, but was told that defendants did not want to see him in the infirmary for any medical need unless it was an emergency.

In their answer, Jones and Marks denied failing or refusing to treat Ellis for his knee problems and denied being deliberately indifferent to Ellis's serious medical needs. They asserted they had offered Ellis reasonable and necessary medical treatment at all times.

The District Court sua sponte ordered dismissal of both complaints on June 21 and June 22, 1989, respectively. In both cases the court concluded that Ellis had failed to allege facts showing deliberate indifference to his medical needs as required by *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Specifically, the court found that on the basis of the allegations against Butler, he could at most be found guilty of negligence for failing to deliver Ellis's pain pill, which is not actionable under section 1983. As to the second complaint, the court found Ellis's allegations reflected a disagreement with the course of treatment prescribed for his knee, also not actionable under section 1983. In addition, the court denied all pending motions for appointment of counsel in both actions. These timely appeals followed.

 In order to state a section 1983 claim for inadequate medical care, an inmate "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106, 97 S.Ct. at 292. As the District Court pointed out, negligence in providing medical care is not actionable in a section 1983 claim, *id.* at 105–06, 97 S.Ct. at 291–92; nor is a mere disagreement with the course of treatment, *Martin v. Sargent,* 780 F.2d 1334, 1339 (8th Cir.1985).

Since the actions were dismissed for failure to state a claim, the issue on appeal is whether "it appears beyond doubt that [Ellis] can prove no set of facts in support of his claim[s] which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). This is a legal question which this Court reviews de novo. *Harpole v. Arkansas Dep't of Human Servs.,* 820 F.2d 923, 925 (8th Cir.1987). Upon review, the allegations in the complaints must be accepted as true, *East v. Lemons,* 768 F.2d 1000, 1001 (8th Cir.1985), and because the complaints were filed pro se, they must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam).

 Whether Ellis has alleged sufficient facts to show a serious medical condition is a close question. The District Court's decision did not turn on this aspect of the claims. Because it is difficult to assess the seriousness of the alleged conditions, or the need for treatment on the basis of the pleadings, under *Haines* we view the complaints as alleging serious medical needs.[1] *See, e.g., Dace v. Solem,* 858 F.2d 385, 387–88 (8th Cir.1988) (per curiam) (no way to assess seriousness of nasal condition causing pain when complaint was dismissed as frivolous prior to discovery).

 We conclude that the District Court could not determine, without improper speculation, that Butler's failure to deliver Ellis's pain medication was due to negligence rather than deliberate indifference.[2]

---

1. In considering the allegations against Butler, the district court found as a fact that Ellis's knee condition was not an emergency. Although Ellis stated that this was Butler's explanation for the delay in treatment, Ellis did not assert this himself. In any event, while the emergency or nonemergency nature of a prisoner's condition may be relevant to his claim, we note that a medical condition need not be an emergency in order to be considered serious under *Estelle.*

2. As with the emergency finding, the court appears to have accepted factual assertions made in the answer in arriving at this conclusion.

In addition, the court failed to address the issue of whether the delay in treatment from Saturday to Monday was due to deliberate indifference.

Similarly, we do not believe it can be said with any certainty at this stage of the pleadings that Ellis can prove no set of facts to show that Dr. Jones's decision to cancel the appointment with the knee specialist was due to deliberate indifference. Furthermore, the court did not address Ellis's claim that the defendants in the second complaint refused to see him for any reason whatsoever, unless it was an emergency.

While Ellis's actions may be suitable for resolution on motions for summary judgment supported by affidavits and/or Ellis's medical records, we believe the District Court dismissed the complaints prematurely. Because Ellis makes no specific allegations against L.P.N. B. Marks in the second complaint, however, dismissal as to him was proper. Finally, we conclude the District Court did not abuse its discretion in denying Ellis's motions for appointment of counsel. *See In re Lane*, 801 F.2d 1040, 1042 (8th Cir.1986).

For the foregoing reasons, we reverse and remand both actions for further proceedings in accordance with this opinion.

HCL, DOXYLAMINE SUCCINATE, or any combination of those ingredients, or any other ingredients or combination of ingredients in tablet, capsule or other form, in any strength, color, shape or size, in any size container or in bulk, labeled or unlabeled, the appearance of which imitates, or allows it to be sold or marketed so as to imitate any other drug, including but not limited to drug products having the following physical characteristics; small pink, purple, or white heart shaped tablets; etc.; in the possession of, Midwest Pharmaceuticals, Inc., Omaha, Nebraska, Appellant.

UNITED STATES of America, Appellee,

v.

MIDWEST PHARMACEUTICALS, INC. a/k/a B & S Distributors, Steven F. Sommers, Appellants,

Robert S. Leibert.

No. 88–2535.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1989.

Decided Nov. 27, 1989.

Although the court found that Butler failed to deliver the medication "for some unknown reason," the court also made a point of noting Butler's assertion that he had no orders for

Ellis's pills on his medication chart, and therefore was prohibited from delivering the prescription.