5 F.3d 532
Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Robert J. JACKSON, Appellant,
v.
SOUTH DAKOTA STATE PENITENTIARY HEALTH SERVICES; Walter
Leapley; Donald M. Frost, M.D.; Beverly Armfield,
R.N.; Lynn Delano, Secretary of the
Department of Corrections, Appellees.
 No. 93-1981.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 3, 1993.
Filed: September 8, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert J. Jackson, an inmate in the South Dakota State Penitentiary (SDSP), appeals the District Court's[1] grant of summary judgment in favor of defendants in this 42 U.S.C. Sec. 1983 action claiming Eighth Amendment violations. We affirm.
 
 
 2
 Prior to his incarceration, Jackson suffered severe injuries to his left shoulder after falling nearly thirty-four feet out of a tree he was trimming. In July 1991, Jackson filed this action alleging defendants would not give him anything for his shoulder pain. The District Court appointed counsel for Jackson, and the magistrate judge conducted an evidentiary hearing on defendants' summary judgment motion. Expert medical witnesses testified for both sides.
 
 
 3
 We review de novo the District Court's grant of summary judgment. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). To demonstrate an Eighth Amendment violation, Jackson needed to show defendants acted grossly incompetently or provided "[m]edical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990). Jackson failed to do this.
 
 
 4
 The uncontroverted evidence showed that between his 1989 incarceration and the 1992 hearing, Jackson had seen four outside specialists, SDSP staff physicians on sixty occasions, and nurses on twenty-five occasions. In addition, the state had provided Jackson with two electronic pain-relieving devices, one of which was implanted in his spine, and had spent over $35,000 in 1991 for Jackson's medical needs. The evidence also demonstrated that Jackson refused to follow the advice of one outside specialist who recommended that Jackson consult a psychiatrist to determine whether his pain was partially psychosomatic, a possibility even Jackson's expert acknowledged can happen when one suffers prolonged pain.
 
 
 5
 After carefully reviewing the record, we conclude that Jackson established, at most, a difference of opinion as to medical treatment; such disagreement is not actionable under section 1983. See Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (per curiam).
 
 
 6
 We deny as moot Jackson's motion to disqualify Judge Wollman from this panel.
 
 
 7
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota, adopting the report and recommendations of the Honorable Frank P. Gibbs, United States Magistrate Judge for the District of South Dakota