19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Everett B. ROBINSON, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction;
Sgt. R. Barnett, Maximum Security Unit, Arkansas Department
of Correction; Willis Sargent, Warden, Maximum Security
Unit, Arkansas Department of Correction; Lt. S. Everett,
Maximum Security Unit, Arkansas Department of Correction;
Robert S. Clark, Administrator, Maximum Security Unit,
Arkansas Department of Correction; James Duke, Hearing
Officer, Maximum Security Unit, Arkansas Department of
Correction; Sgt. Parker, Maximum Security Unit, Arkansas
Department of Correction; T. McGarity, Medical
Administrator, Maximum Security Unit, Arkansas Department of
Correction; Aubrey D. Bradberry, Assistant Warden, sued as
B. Bradberry, Maximum Security Unit, Arkansas Department of
Correction; Gwyn Atnip, Dr., Maximum Security Unit,
Arkansas Department of Correction, Appellees.
 No. 93-2108.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1994.
Filed: March 23, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Everett B. Robinson, an Arkansas inmate, appeals the district court's[1] entry of judgment following an evidentiary hearing in his 42 U.S.C. Sec. 1983 action against prison officials. For reversal, Robinson argues the district court improperly entered judgment for defendants, failed to address the Fourteenth Amendment due process violations he raised in his complaint, and abused its discretion in declining to appoint counsel to represent him. We affirm.
 
 
 2
 Robinson alleged defendants forced him to work while injured and failed to provide proper medical treatment, in violation of the Eighth Amendment. Robinson also alleged due process violations in the timing and conduct of his disciplinary proceedings. He sought injunctive relief and monetary damages, and demanded a jury trial.
 
 
 3
 The magistrate judge conducted an evidentiary hearing to determine whether Robinson could survive, at trial, a Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law (formerly, motion for directed verdict). See Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135 (8th Cir. 1993). Robinson testified that when he was transported to the prison fields on the morning of September 14, 1990, he fell as he climbed off the trailer and "scratched up [his] leg." After he advised Lt. Everett and Sgt. Barnett he had injured himself, they told him to return to work. Around noon, he again complained to Barnett. Everett told Barnett to put Robinson on disciplinary review and to take him to the prison building. At 3:00 p.m., after Robinson complained about his injuries, he was taken to the infirmary. Medical personnel examined his leg, gave him analgesics and an antibacterial ointment, but did not give him a lay-in. Another inmate testified he saw Robinson fall off the trailer, saw blood on Robinson's trouser leg, and overheard him telling Barnett he had fallen.
 
 
 4
 Exhibits introduced at the evidentiary hearing revealed that Barnett wrote a major disciplinary, charging Robinson with failure to obey orders. According to Barnett's report, on September 14, Robinson failed to comply with orders to pick okra; Barnett observed Robinson get off the trailer and did not see him fall. Relying on Barnett's report and Robinson's medical records, Hearing Officer Duke found Robinson guilty and sentenced him to punitive segregation. That decision was affirmed by Administrator Clark, Warden Sargent, and Director Lockhart. Robinson testified that Everett, Barnett, Medical Administrator McGarity, and Sgt. Parker submitted false statements to support the disciplinary report.
 
 
 5
 Robinson further testified that on September 17, 1990, Dr. Atnip requested a consultation for Robinson's back pain. The consulting physician found no abnormalities and recommended no change in Robinson's medical classification. In February 1991, Robinson saw an orthopedic doctor who recommended that he not stoop, bend, or lift objects heavier than 25 pounds. A medical consultation committee disagreed with the orthopedist's suggestions and recommended that Robinson see another orthopedic specialist. This specialist found nothing objectively wrong with Robinson and did not recommend changing Robinson's medical classification.
 
 
 6
 Because Robinson requested a jury trial, we must review whether the district court properly applied the directed-verdict standard in entering judgment for defendants. See Johnson, 12 F.3d at 135-36; Henson v. Falls, 912 F.2d 977, 979 (8th Cir. 1990). In that regard, we must: "(1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn." Dace v. ACF Indus., Inc., 722 F.2d 374, 375 (8th Cir. 1983).
 
 
 7
 "To prevail on an Eighth Amendment claim, an inmate must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind ... [, i.e.,] deliberate indifference." Choate v. Lockhart, 7 F.3d 1370, 1373-74 (8th Cir. 1993). The district court properly entered judgment against Robinson on both Eighth Amendment claims. First, Robinson proffered no evidence demonstrating that any defendant acted with deliberate indifference by compelling him to perform physical labor which was beyond his strength or unduly painful. See Choate, 7 F.3d at 1374. Second, the undisputed facts show that Robinson received medical treatment on sixty-one occasions over a nine-month period and that x-rays of his spine showed no abnormalities. After carefully reviewing the record, we conclude that he established, at most, a difference of opinion as to medical treatment. See Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (per curiam).
 
 
 8
 The district court properly entered judgment on Robinson's claim that the disciplinary proceedings violated his due process rights. In prison discipline cases, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455 (1985). We agree with the district court that some evidence supported the guilty finding. When reviewing a prison hearing officer's determination, we should not make independent credibility assessments or reweigh the evidence. Hill, 472 U.S. at 456. In addition, judgment was properly entered on Robinson's claim that Assistant Warden Bradberry extended his hearing date in violation of prison regulations. The mere violation of a regulation-which here did not create a protectable liberty interest-does not rise to a federal due process violation. See Williams v. Nix, 1 F.3d 712, 717-18 (8th Cir. 1993). Finally, the court did not abuse its discretion by not appointing counsel, because Robinson never requested counsel.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas