# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2916

_____

Verle E. Olson, also known as   *
Tony Olson,   *
  *
      Appellant,   *
  *
    v.   *
  *
Harold Clarke; Ben Nelson;   *   Appeal from the United States
John Dahm; John Doe; J. Hansen,   *   District Court for the
P.A.; Carolyn Greunke; Judy   *   District of Nebraska.
Rimel; Department of   *
Corrections, of Nebraska; Dr.   *   (UNPUBLISHED)
Osborne; Lincoln General   *
Hospital,   *
  *
      Appellees.   *

_____

Submitted:  March 18, 1997

Filed:  May 5, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Verle E. Olson appeals from the district court's order, dismissing as frivolous claims against certain defendants and dismissing sua sponte under Federal Rule of Civil Procedure 12(b)(6) claims against other defendants in this 42 U.S.C. § 1983 action alleging Eighth Amendment violations.  We affirm in part and reverse and remand in part.

Olson, a Nebraska prisoner, alleged in his November 1995 complaint filed in forma pauperis that he had had a hydrocelectomy

at the Lincoln General Hospital to remove a hydrocele (an abnormal collection of fluid) on his testicle, and that he subsequently complained of a painful lump at the surgical site, but prison medical staff delayed and denied him medical treatment. Olson named as defendants Governor Ben Nelson, Department of Corrections Director Harold Clarke, Omaha Correctional Center (OCC) Warden John Dahm, OCC medical director Osborne, nurses Judy Rimel and Carolyn Greunke, physician assistant Jeff Hansen, Lincoln General Hospital, and the Department of Corrections. He sought damages and injunctive relief. In an amended complaint, Olson attached copies of inmate interview requests responded to by Hansen and Rimel, which documented his unsuccessful attempts to be examined by a urologist, the delay in his receipt of treatment, and his complaints of continuing pain. He additionally alleged that Hansen examined him but failed to provide or delayed treatment, and that while Rimel scheduled appointments for Olson to be examined by a physician, his appointments were canceled, and several months passed before he finally obtained an examination by a Dr. Cherry, who also failed to provide treatment.

Without ordering service on defendants, the district court dismissed as frivolous Olson's claims against Governor Nelson, Director Clarke, and Lincoln General Hospital, concluding Olson failed to allege how Nelson and Clarke were personally involved, and failed to allege facts establishing that the hospital was a state actor or conspired with state actors to violate his constitutional rights. The district court dismissed Olson's action as to the remaining defendants pursuant to Rule 12(b)(6) for failure to state a claim.[1] The district court acknowledged that

_____

[1]The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, § 804(a)(5), 110 Stat. 1321 (1996) (to be codified at 28 U.S.C. § 1915(e)(2)), now authorizes the district court to dismiss a complaint filed in forma pauperis "at any time if the court

Olson's injuries were serious, but suggested that Olson had failed to allege sufficient facts to establish deliberate indifference by any defendant.  The court noted that Olson had been examined by nurses and doctors after his surgery and that a disagreement with the course or efficacy of treatment did not rise to the level of a constitutional claim, nor did allegations of negligence state a claim under section 1983.

We review de novo the dismissal of a case for failure to state a claim; a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle the plaintiff to relief.  See Dicken v. Ashcroft, 972 F.2d 231, 233 (8th Cir. 1992).  To state a claim for an Eighth Amendment violation, Olson must allege facts sufficient to support his claim that prison officials were deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

We conclude that the district court, which must assume Olson's allegations are true, erred in dismissing claims against physician assistant Hansen and nurse Rimel for failure to state a claim.  Olson's allegations as to these defendants, which include requests for additional treatment following the discovery of a lump, continued pain due to lack of treatment, a delay in treatment, and a denial of a request for a referral to a specialist, are sufficient to satisfy the deliberate indifference standard.  See, e.g., Ellis v. Butler, 890 F.2d 1001, 1004 (8th Cir. 1989) (per curiam); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989).  We conclude that the district court could not determine, without improper speculation, that any delay in addressing Olson's concerns was not due to deliberate indifference.  See Ellis, 890 F.2d at 1003-04.  Further, although Olson was examined by a physician assistant and, eventually, by a prison physician, he could be

---

determines that . . . the action . . . fails to state a claim on which relief may be granted."

entitled to relief if he can prove that the "course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference."  Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990).

We conclude, however, that the district court properly dismissed as frivolous the claims against Clarke and Nelson, see McDowell v. Jones, 990 F.2d 433, 435 (8th Cir. 1993) (holding that supervisor liability under § 1983 requires proof that the supervisor personally participated in or had direct responsibility for the alleged violations), and the Lincoln General Hospital, see Gentry v. City of Lee's Summit, 10 F.3d 1340, 1342 (8th Cir. 1993) (holding that § 1983 liability requires a defendant to have acted under color of state law).  We also conclude the claims against the Department of Corrections were properly dismissed.  See Monell v. Department of Social Servs., 436 U.S. 658, 694-95 (1978) (holding that municipal liability under § 1983 requires proof of an official custom, policy, or practice that caused the alleged violations).  In addition, Olson failed to allege any facts supporting a claim against nurse Greunke, Dr. Osborne, or Warden Dahm.  We leave for the district court to determine whether Olson may amend his complaint to add Dr. Cherry as a defendant.

Accordingly, we affirm in part and reverse and remand in part for further proceedings.

A true copy.

        Attest:

                CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-