# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1922

_____

Dale J. Burke,                            *
                                          *
            Appellant,                    *
                                          *   Appeal from the United States
      v.                                  *   District Court for the District
                                          *   of North Dakota.
North Dakota Department of                *
Corrections and Rehabilitation;           *          [PUBLISHED]
Medcenter One,                            *
                                          *
            Appellees.                    *

_____

Submitted:  June 20, 2002

Filed:   June 25, 2002 (Corrected: July 15, 2002)

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

North Dakota inmate Dale J. Burke brought an action under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. He alleged that the North Dakota Department of Corrections and Rehabilitation (NDDCR) and Medcenter One, its medical-services contractor, denied him treatment for his hepatitis C. After Mr. Burke filed an amended complaint (seeking to add two defendants and cure potential pleading deficiencies), the district court--upon 28 U.S.C. § 1915A review--dismissed the action without prejudice for failure to state

a claim. Mr. Burke appeals. Having reviewed the record de novo and construed the pro se complaint liberally, see Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam), we affirm in part and reverse in part.

Initially, we note that Mr. Burke has abandoned his appeal as to the ADA claims by failing to address them in his brief. See Etheridge v. United States, 241 F.3d 619, 622 (8th Cir. 2001).

As to the section 1983 claims against NDDCR, we believe Mr. Burke alleged more than a disagreement over the proper course of treatment for his hepatitis C: he alleged that he was denied treatment entirely; that NDDCR's medical director (whom he sought to add as a defendant in his amended complaint) prevented him from being seen by doctors; and that she was using her position to block his treatment because of his prior lawsuits against her. See Terrance v. Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 843 (6th Cir. 2002) (when need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference); Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990) (grossly incompetent or inadequate care can constitute deliberate indifference; medical care so inappropriate as to evidence intentional maltreatment or refusal to provide essential care violates Eighth Amendment); cf. Estelle v. Gamble, 429 U.S. 97, 107 (1976) (where medical personnel saw inmate 17 times in 3 months and treated back strain with bed rest, muscle relaxants, and pain relievers, their failure to x-ray his broken back or implement other diagnostic techniques or treatment was not deliberate indifference). Thus, Mr. Burke's action should have been allowed to proceed against NDDCR for relief other than monetary damages.

We believe Mr. Burke also stated a section 1983 claim against Medcenter One: he alleged that its hepatitis C treatment protocol and its doctors' complicity with the actions of NDDCR's medical director were damaging his health in violation of his

Eighth Amendment rights.  See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporation acting under color of state law is liable under § 1983 for its own unconstitutional policies; proper test is whether there is policy, custom, or action by those who represent official policy that inflicts injury actionable under § 1983); Johnson v. Lockhart, 941 F.2d 705, 707 (8th Cir. 1991) (abdication of policy-making and oversight responsibilities can reach level of deliberate indifference and result in unnecessary and wanton infliction of pain to prisoners when tacit authorization of subordinates' misconduct causes constitutional injury).  At this point, we cannot say beyond doubt that Mr. Burke will be unable to prove any set of facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (standard for dismissing complaint for failure to state claim); Dace v. Solem, 858 F.2d 385, 388 (8th Cir. 1988) (per curiam) (because § 1983 complaint was dismissed before discovery, there was no way to assess seriousness of inmate's medical condition or necessity of treatment).

Accordingly, we affirm the judgment as to the ADA claims, and we reverse the dismissal of the section 1983 claims and remand for further proceedings, which should include reconsideration of the amended complaint.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.