# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2817

_____

Robert Taylor,                              *
                                            *
                Appellant,                  *
                                            *   Appeal from the United States
        v.                                  *   District Court for the Eastern
                                            *   District of Missouri.
Don Roper, Superintendent; Missouri         *
Department of Corrections,                  *         [UNPUBLISHED]
(supervisory employees as agents of         *
the employer); Steven Crawford, Dr.;        *
Correctional Medical Systems,               *
(supervisory employees as agents of         *
the employer); City of Mineral Point,       *
(Supervisory employees as agents of the     *
employer),                                  *
                                            *
                Appellees.                  *

_____

Submitted:  November 28, 2003

Filed:    December 12, 2003

_____

Before MORRIS SHEPPARD ARNOLD, RILEY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Robert Taylor appeals the district court's 28 U.S.C. § 1915(e)(2)(B) dismissal of his civil rights complaint as frivolous or failing to state a claim. We grant Mr. Taylor's motion to proceed in forma pauperis on appeal, assess the filing fee, and leave the collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). We review de novo a dismissal under section 1915(e)(2)(B). See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam).

According to Mr. Taylor's complaint, wherein he sought injunctive and declaratory relief and damages, he was placed in the Potosi Correctional Center (PCC) infirmary on February 1, 2002, after he injured his right leg. On February 5 Dr. Steven Crawford examined him, interpreted an x-ray as showing a hairline fracture, and prescribed whirlpool therapy and a knee brace. Mr. Taylor continued to report constant pain to certain nurses, who stated they had to follow Dr. Crawford's orders. After February 20 Mr. Taylor spoke several times to his family, who complained to unidentified persons at PCC and Correctional Medical Services (CMS), but nothing was done as Dr. Crawford maintained that Mr. Taylor had only a hairline fracture and "would be fine." After Mr. Taylor's family contacted CMS several more times, on March 5 Mr. Taylor was sent for a second opinion to another prison, where Dr. Thomas Turnbaugh x-rayed him and determined he needed "major surgery" for a broken knee. Mr. Taylor had surgery on March 11, after which Dr. Turnbaugh told him that because of the misdiagnosis and treatment delay, Mr. Taylor would have continued pain and would likely develop arthritis. Mr. Taylor had to stay in the infirmary until August 10 as his leg took so long to heal, and since then he has had pain and sometimes cannot bend his knee.

Even giving Mr. Taylor's complaint the most liberal construction, see Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (pro se complaints should

be liberally construed), it is clear that dismissal was proper as to all the claims except the Eighth Amendment claim against Dr. Crawford. PCC Superintendent Don Roper was not named in his individual capacity, and the Missouri Department of Corrections and Mr. Roper in his official capacity are not subject to a 42 U.S.C. § 1983 suit for damages. See Morstad v. Dep't of Corr. & Rehab., 147 F.3d 741, 743-44 (8th Cir. 1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is moving force behind deprivation of federal right); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (without clear statement that officials are being sued in personal capacities, complaint is interpreted as including only official-capacity claims). Further, Mr. Taylor's request for prospective injunctive relief against these parties failed because his complaint indicated he sought to hold them liable solely based on their responsibility for Missouri inmates. See Ottman v. City of Independence, Mo., 341 F.3d 751, 761 (8th Cir. 2003) (supervisory liability under § 1983). Similarly, as to Mr. Taylor's claims against CMS, he alleged CMS as an employer was responsible for Dr. Crawford's actions or inaction; and more important, he alleged that CMS officials arranged for a second opinion within a few weeks of his complaints. Cf. Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (corporation acting under color of state law may be liable only if policy, custom, or action by those who represent official policy inflicts injury actionable under § 1983). We also agree with the district court that Mr. Taylor's allegations provided no basis for his claims against the City of Mineral Point, or for claims under the National Labor Relations Act, state law, the Ninth Amendment, or the Equal Protection and Due Process Clauses.

To establish an Eighth Amendment claim against Dr. Crawford, Mr. Taylor would have to show that he suffered from an objectively serious medical need that Dr. Crawford knew of but deliberately disregarded. See Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). Mr. Taylor essentially alleged that Dr. Crawford misdiagnosed his leg injury, and then failed to reconsider his diagnosis when

Mr. Taylor continued to have pain; he did not allege that Dr. Crawford provided no treatment at all. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (inmates must show more than even gross negligence); Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (prison doctors remain free to exercise their independent medical judgment). Nonetheless, we conclude that Dr. Crawford should have at least been served so that the Eighth Amendment claim against him could have been more fully developed, especially because Mr. Taylor alleges that Dr. Crawford refused to conduct further testing despite Mr. Taylor's continued complaints and that, according to Dr. Turnbaugh, the delay exacerbated Mr. Taylor's condition. See Atkinson, 91 F.3d at 1128-29 (complaint should not be dismissed for failure to state claim unless it appears beyond doubt plaintiff can prove no set of facts supporting his claim or entitling him to relief); Burke, 294 F.3d at 1044 (medical care so inappropriate as to evidence refusal to provide essential care violates Eighth Amendment); Smith v. Jenkins, 919 F.2d 90, 92-93 (8th Cir. 1990) (physician's decision to take easier or less efficacious course of treatment, to intentionally maltreat inmate, or to refuse to provide essential care can constitute deliberate indifference; often whether misdiagnosis resulted from deliberate indifference or negligence is factual question requiring exploration by expert witnesses); cf. Ellis v. Butler, 890 F.2d 1001, 1002-04 (8th Cir. 1989) (per curiam) (reversing sua sponte dismissal--after defendants were served and filed answer--for failure to state claim, as district court could not determine, absent improper speculation, that failure to deliver pain medication was due to negligence, and court did not address issue whether three-day delay in treatment was due to deliberate indifference).

Accordingly, we affirm the preservice dismissal of all of Mr. Taylor's claims except his Eighth Amendment claim against Dr. Crawford, as to which we reverse and remand for further proceedings consistent with this opinion.

_____