# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3735

_____

| | | |
|---|---|---|
| Troy Roddy, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| H. Khalid Khalifah, doing business as | * | |
| Khalifah's Booksellers & Associates, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| James T. Banks, Assistant Warden, | * | Eastern District of Arkansas. |
| Varner Super Max, ADC (originally | * | |
| sued as Jimmy L. Banks); Rick Toney, | * | |
| Warden, Varner Super Max, ADC; Ray | * | |
| Hobbs, Deputy Director, Arkansas | * | |
| Department of Correction; Randall E. | * | [UNPUBLISHED] |
| Manus, Assistant Warden, Varner | * | |
| Super Max Unit, ADC, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 3, 2004
Filed: February 25, 2005

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Troy Roddy, a member of Nation of Islam (Nation), appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action. Roddy sued an Arkansas Department of Correction (ADC) official and three officials at the Varner Supermax Unit (VSM) for equal protection and First Amendment free-exercise violations, after he was denied receipt of certain religious materials.[2] Having carefully reviewed the record, see Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir.), cert. denied, 125 S. Ct. 501 (2004) (standard of review), we affirm.

VSM houses ADC's most incorrigible inmates, and employs an incentive-level program to alter inmates' behavior. There are five VSM incentive levels, and advancement in level with more privileges is based on conduct and participation in programming. During the relevant period, Roddy never achieved more than incentive Level I status. Until September 2001, VSM regulations provided that all VSM inmates were permitted to keep as personal property only two "religious texts"; VSM officials interpreted "religious texts" to mean a "primary" source of religious doctrine, "such as" the Koran, Bible, or Torah. In grievances from January to June 2001, Roddy complained that he had been denied receipt by mail of issues of a Nation newsletter and three Nation books he had ordered. He asserted that the publications were required for him to interpret the Koran and that his religion required diligent study. He also complained that Christian inmates were allowed to receive Christian books and newsletters. Roddy's grievances were denied on the grounds that he could not receive newsletters at Level I; that he was able to practice his religion, as he could

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]He has abandoned his remaining claims on appeal. See Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (claims not raised in appellate brief are deemed abandoned).

have a Koran; and that the books at issue were not "religious texts" but were books "about religion."

We conclude that summary judgment was properly granted as to Roddy's equal protection claims, because he failed to adduce evidence that the inmates who were permitted to receive issues of Christian and Buddhist newsletters and Christian and secular books were on the same incentive level as he was. See id. at 984 (to succeed on equal protection claim inmate must show, inter alia, that he is treated differently from similarly situated class of inmates).

As to Roddy's free-exercise claim, we agree with the district court that the denial of the books supported such a claim. See id. at 982-83 (discussing factors for determining whether limits placed on inmate's constitutional rights are permissible); Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997) (elements of free-exercise claim). We also agree with the district court that defendants were nevertheless entitled to qualified immunity because a reasonable prison official would not have known that denying Roddy the Nation books violated the First Amendment. See Sutton v. Rasheed, 323 F.3d 236, 240, 258-60 (3d Cir. 2003) (per curiam) (finding, in free-exercise case brought by Nation inmates after they were denied certain religious materials, that courts have not always provided clear guidance on question of what restrictions on prisoners' rights pass constitutional muster); Hayes v. Long, 72 F.3d 70, 73 (8th Cir. 1995) (steps in qualified immunity analysis); cf. Sparr v. Ward, 306 F.3d 589, 593 (8th Cir. 2002) (noting in First Amendment free-speech case that issue is whether reasonable person would know he acted in manner which deprived another of known constitutional right).

Finally, we decline to address the arguments raised on behalf of H. Khalid Khalifah, the other plaintiff in the lawsuit underlying this appeal, because only Roddy was named in and signed the notice of appeal. See Moore v. Robertson Fire Prot. Dist., 249 F.3d 786, 788 (8th Cir. 2001) (where two parties provided no indication of

intent to appeal until submission of brief, this court lacked jurisdiction to consider their arguments); Fed. R. App. P. 3(c)(1)(A) (notice of appeal must specify party or parties taking appeal by naming each one in caption or body).

Accordingly, we affirm.

_____