# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2418

_____

Maurice B. Madison-Bey,      *
                             *
        Appellant,           *
                             *    Appeal from the United States
    v.                       *    District Court for the
                             *    District of Minnesota.
Correctional Medical Services,   *
                             *    [UNPUBLISHED]
        Appellee.            *

_____

Submitted: May 5, 2006
Filed: May 11, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Minnesota state prisoner Maurice Madison-Bey appeals the district court's[1] 28 U.S.C. § 1915A(b)(1) preservice dismissal of his 42 U.S.C. § 1983 action against Correctional Medical Services (CMS) for deliberate indifference to his medical needs. Madison-Bey has moved for appointment of counsel.

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

After careful review of the record, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review),we agree with the district court that the complaint failed, because Madison-Bey did not allege that he suffered harm as a result of an unconstitutional policy or custom of CMS, the sole named defendant, see Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (corporation acting under color of state law may be liable only if policy, custom, or action by those who represent official policy inflicts injury actionable under § 1983). Further, Madison-Bey's request to amend his complaint to add individual CMS personnel as defendants was futile, because his allegations amounted to mere disagreement with the course of his treatment and at most described negligence, which is insufficient to state a claim for deliberate indifference. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (inmates have no constitutional right to particular course of treatment, and doctors are free to use their own medical judgment; mere negligence or medical malpractice is insufficient to rise to constitutional violation).

Accordingly, we affirm, and we deny Madison-Bey's motion for appointment of counsel and decline to consider his numerous other requests submitted for the first time on appeal.

_____