# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3692
_____

Gregory Rose

*Plaintiff - Appellant*

v.

Mike Galbson, Judge, Osceola; Catherine Dean, Prosecutor, Osceola; Oilliey
Collins, Chief, Osceola Police Department; Terry, Detective, Osceola Police
Department; Chris Gillis, Detective, Osceola Police Department

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: April 27, 2020
Filed: June 10, 2020
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Gregory Rose appeals the district court's pre-service dismissal of his 42 U.S.C.
§ 1983 complaint, which claimed that he was unlawfully arrested and held in pre-trial
detention on criminal charges, and that he was defamed. The district court dismissed

the complaint under 28 U.S.C. § 1915A, concluding that Rose's claim related to his arrest was barred by the applicable statute of limitations, and that his claim related to his pre-trial detention failed to state a claim for malicious prosecution. The district court declined to exercise supplemental jurisdiction over Rose's defamation claim.

Upon de novo review, we conclude that Rose's claim related to his arrest was properly dismissed as time-barred. See Wallace v. Kato, 549 U.S. 384, 388–89 (2007) (articulating the date of accrual for false arrest claims); Humphrey v. Eureka Gardens Pub. Facility Bd., 891 F.3d 1079, 1081 (8th Cir. 2018) (statute of limitations in Arkansas for personal injury claims is three years). We conclude, however, that Rose's claim related to his pre-trial detention presents unsettled questions of law unsuited for dismissal under section 1915A. See Stanko v. Patton, 228 Fed. Appx. 623, 626 (8th Cir. 2007) (unpublished per curiam) (expressing no view on merits but vacating district court's dismissal of plaintiff's complaint under § 1915A and remanding because claims were not frivolous). Such questions include whether malicious prosecution is the most appropriate analogy for determining the accrual of Rose's claim and if so, what are the elements of such a claim. Compare Manuel v. City of Joliet, 903 F.3d 667, 669–70 (7th Cir. 2018) (concluding that claim of detention without probable cause is not analogous to tort of malicious prosecution and thus accrued when plaintiff was released from custody) with Winfrey v. Rogers, 901 F.3d 483, 493 (5th Cir. 2018) (concluding that plaintiff's claim of "arrest[] through the wrongful institution of legal process" was analogous to malicious prosecution and thus accrued "when his criminal proceedings ended in his favor").

Accordingly, we reverse the dismissal of Rose's claim related to his pre-trial detention, vacate the dismissal of his defamation claim, and remand for further proceedings with instructions that the complaint be served on the defendants. In all other respects, we affirm. We also grant Rose's motions for leave to proceed in forma pauperis, and deny as moot his motion for appointment of counsel.

———————————————————